# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:17-CV-259 |
| | ) |
| SHERIFF BUNCICH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the amended complaint filed by James Andrew Lohnes, a *pro se* prisoner, on October 10, 2017. For the reasons set forth below, the Court: (1) **GRANTS** James Andrew Lohnes leave to proceed on an Eighth Amendment claim for money damages against Nurse Practitioner Michelle and Nurse Practitioner Cathy, in their individual capacities for denying Lohnes treatment for his Hepatitis C since June 2017; (2) **GRANTS** James Andrew Lohnes leave to proceed on an Eighth Amendment claim for injunctive relief against Nurse Practitioner Michelle and Nurse Practitioner Cathy, in their individual capacities in connection with treating his Hepatitis C; (3) **DISMISSES** all other claims; (4) **DISMISSES** Sheriff John Buncich, Health Care Unit Administrator, Deputy Warden Gore and Administrator Davies; (5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Nurse Practitioner Michelle and Nurse Practitioner Cathy, with a copy of

this order and the amended complaint (ECF 17) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Practitioner Michelle and Nurse Practitioner Cathy, respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

Lohnes is suing six defendants in connection with his not being treated for Hepatitis C while he was housed at the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Lohnes alleges that he has been diagnosed with, and suffers from, Hepatitis C. Without treatment, this condition is painful and agonizing. In June 2017, Lohnes met with Nurse Practitioner Michelle about his Hepatitis C. He complained about pain in the right side of his body, chronic fatigue and gastrointestinal reflux, all resulting from his condition. However, she refused to treat him. In August 2017, Lohnes met with Nurse Practitioner Cathy explaining that he was suffering from the effects of Hepatitis C.

He complained of chronic fatigue, that he was unable to sleep on his right side, and that his torso felt like it was "on fire." ECF 17 at 6. In response, she told him, "I'm sorry but we don't treat Hep C." *Id.* He seeks money damages and injunctive relief - to be medically treated for his Hepatitis C.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.*

Here, Lohnes alleges that both nurse practitioners knew of his Hepatitis C condition and also knew of the pain it was causing him, but nevertheless refused to treat him. This states a claim for deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Although further factual development may show that Michelle and Cathy were justified in not treating Lohnes, giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed on an Eighth Amendment claim against them.

Lohnes is also suing Sheriff Buncich and Deputy Warden Gore because they oversee operations at the jail. As a threshold matter, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, neither Sheriff Buncich nor Deputy Warden Gore can be held liable simply because they oversee operations at the jail or supervise other correctional officers. *Burks v. Raemisch,* 555

F.3d 592, 595 (7th Cir. 2009). Accordingly, they will be dismissed as defendants.

Finally, Lohnes names the "Health Care Unit Administrator." However, Lohnes does not identify that person by name. "Health Care Unit Administrator" does not seem to be a specific enough description to identify the proper defendant. Instead, it is more akin to "John Doe." This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Lohnes can identify and name or identify this defendant by some other means, then he can attempt to amend his complaint at that time. For now, retaining "Health Care Unit Administrator" as a defendant serves no purpose and this defendant will be dismissed.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** James Andrew Lohnes leave to proceed on an Eighth Amendment claim for money damages against Nurse Practitioner Michelle and Nurse Practitioner Cathy, in their individual capacities for denying Lohnes treatment for his Hepatitis C since June 2017; (2) **GRANTS** James Andrew Lohnes leave to proceed on an Eighth Amendment claim for injunctive relief against Nurse Practitioner Michelle and

Nurse Practitioner Cathy, in their individual capacities in connection with treating his Hepatitis C; (3) **DISMISSES** all other claims; (4) **DISMISSES** Sheriff John Buncich, Health Care Unit Administrator, Deputy Warden Gore and Administrator Davies; (5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Nurse Practitioner Michelle and Nurse Practitioner Cathy, with a copy of this order and the amended complaint (ECF 17) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Practitioner Michelle and Nurse Practitioner Cathy, respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: November 28, 2017**     **/s/RUDY LOZANO, Judge**
                                 **United States District Court**