UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES ANDREW LOHNES, <br><br> Plaintiff, <br><br> v. <br><br> NURSE PRACTITIONER (K) CATHY and MICHELLE, <br><br> Defendants. | CAUSE NO. 2:17-CV-259-TLS-APR |

**OPINION AND ORDER**

James Andrew Lohnes, a prisoner without a lawyer, is proceeding in this case on two claims regarding medical treatment he received at the Lake County Jail: "for money damages against Nurse Practitioner Michelle and Nurse Practitioner Cathy, in their individual capacities for denying Lohnes treatment for his Hepatitis C since June [2016],"[1] and "for injunctive relief against Nurse Practitioner Michelle and Nurse Practitioner Cathy, in their [official] capacities in connection with treating his Hepatitis C." Nov. 28, 2017 Op. & Order 1, ECF 19; Apr. 16, 2018 Order, ECF No. 50. The Defendants filed a Motion for Summary Judgment [ECF No. 131], arguing that their actions were not objectively unreasonable because Lohnes did not have an active hepatitis C infection.[2] Lohnes filed a Motion to Deny Defendants' Motion for Summary Judgment [ECF No. 145], and an Amended Motion to Deny Defendants' Motion for Summary Judgment [ECF No. 165]. The Defendants filed a reply [ECF No. 168]. The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] The screening order erroneously lists "June 2017" instead of "June 2016." Neither side has objected to the screening order, but Lohnes alleges conduct in his Complaint that occurred in 2016 and both parties discuss conduct that occurred in 2016 in their summary judgment filings.

[2] The Defendants' first summary judgment motion [ECF No. 63] was denied with leave to refile the instant summary judgment motion utilizing the objective unreasonableness inquiry articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). *See* Nov. 30, 2020 Order, ECF No. 130.

I.     **LEGAL STANDARD**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence [the party] contends will prove [the party's] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (citation omitted).

A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Lohnes does not present evidence showing that the Defendants' treatment of his hepatitis C was intended to punish him. However, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Bell*, 441 U.S. at 561).

2

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the Court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

## II.     ANALYSIS

The Defendants argue that their treatment of Lohnes' hepatitis C was objectively reasonable because they regularly tested and monitored Lohnes' blood levels, which showed the disease was "inactive and dormant" and did not require any medication or intervention. *See* Defs.' Br. 9–12, ECF 132. Specifically, the Defendants argue that regular clinical testing showed that Lohnes' liver enzyme levels were consistently normal and he did not have a detectable viral load, which shows there was no condition to actively treat. *Id.* at 9–10.

The Defendants submit clinical evidence showing Lohnes never had any active hepatitis C infection to treat. Hepatitis C is a form of viral hepatitis, which varies widely in its severity and prognosis. Aff. of William Forgey, M.D. ¶ 4, ECF 131-3. Some people have hepatitis C for many years before developing problems or may never have symptoms of liver damage while others may develop elevated liver enzyme levels, indicating possible liver damage. *Id.* at ¶ 5. The Defendants submit evidence that they monitored Lohnes' blood levels by conducting comprehensive metabolic panels ("CMPs") in May 2016, June 2016, July 2016, October 2016, March 2017, and September 2017, which consistently showed Lohnes' liver enzyme levels were

within a normal range. *See id.* at ¶¶ 7–9; Aff. of Nurse Practitioner Cathy ¶ 7, ECF 131-2. If Lohnes' hepatitis C was active and in need of treatment, his liver enzymes would be elevated. *See* Aff. of Nurse Practitioner Michelle ¶ 6, ECF 131-1; Forgey Aff. at ¶ 8. The Defendants also submit evidence that they ordered a hepatitis C virus RNA assay in December 2016, which found no detectable viral load and indicated the hepatitis C was inactive and in remission. Michelle Aff. at ¶ 10. A "viral load" is the number of viral particles contained in the blood, which are copies of the genetic material of the virus circulating through the body. Forgey Aff. at ¶ 9. Where there is no detectable viral load, there is no condition to actively treat. *Id.* at ¶ 10. Lohnes does not dispute that the Defendants tested his blood, nor does he dispute the test results. The Court thus accepts these facts as undisputed.

   The Defendants also assert that they regularly conducted physical examinations of Lohnes which showed he had no symptoms suggestive of an active hepatitis C infection. Defs.' Br. 10. They present evidence that Lohnes was examined by Nurse Michelle on six occasions between September 2016 and June 2017 and by Nurse Cathy on one occasion in September 2017 and that he never exhibited any symptoms of an active hepatitis C infection. *See* Michelle Aff. at ¶¶ 7–19; Cathy Aff. at ¶¶ 5–8; Forgey Aff. at ¶ 10. Lohnes responds that the nurses did not physically examine him at any of these medical appointments. *See* ECF 145 at 4. He also asserts that he complained at each medical appointment of various symptoms—including chronic fatigue, yellowing of the skin, pain in the lower right flank, mushy bowel movements, restless leg syndrome, chronic acid reflux, and a swelling or raising of his right lower rib cage—and the Defendants refused to provide him any treatment for these symptoms. *Id.* at 6; ECF 165-1 at 18. There is thus a dispute regarding whether the nurses physically examined Lohnes and provided him treatment for his symptoms.

4

Construing the facts in the light most favorable to the Plaintiff, the Court finds that the nurses did not physically examine Lohnes or provide treatment for his symptoms at any of his medical appointments. *See Heft*, 351 F.3d at 282. However, throughout Nurse Michelle's treatment of Lohnes, she ordered and reviewed blood tests in May 2016, June 2016, July 2016, October 2016, December 2016, and March 2017, which showed Lohnes' liver enzyme levels were within a normal range and he had no detectable viral load. *See* Michelle Aff. at ¶¶ 7–19. Similarly, at the time Nurse Cathy saw Lohnes in September 2017, she knew that a CMP taken four days earlier had found Lohnes' liver enzyme to be normal. *See* Cathy Aff. at ¶ 7. The question is, thus, whether the nurses were deliberately indifferent to the treatment of Lohnes' hepatitis C for relying exclusively on Lohnes' blood tests to determine his hepatitis C did not require treatment.

Here, even if the nurses acted negligently by relying exclusively on blood tests and failing to physically examine Lohnes, a pre-trial detainee cannot establish a claim under the Fourteenth Amendment merely by showing negligence. *Miranda*, 900 F.3d at 353. Moreover, although Lohnes alleges the Defendants failed to treat various symptoms, there is no evidence these symptoms were caused by an active hepatitis C infection. Nor has Lohnes presented any evidence that an individual without an active hepatitis C infection requires any sort of treatment. Specifically, hepatitis C is generally treated with medication to enhance the patient's immune system to help remove the virus from the patient's blood. *See Hepatitis C Treatments*, WebMD, https://www.webmd.com/hepatitis/understanding-hepatitis-c-treatment (last visited July 19, 2021). Lohnes has not explained what treatment the Defendants could have provided when their testing showed his blood did not contain an active hepatitis C infection.

Lohnes also argues that Nurse Michelle stated during a September 2016 medical appointment that "we don't treat Hepatitis C here at the jail – you have to break a bone to be treated so you can go to an outside hospital." ECF 165-6 at 1. Similarly, Lohnes asserts that Nurse Cathy told him in September 2017 that she "had an opinion" about his hepatitis C but she "was not a liver specialist." *Id.* at 5–6. However, the objective reasonableness standard considers only the actions taken by the Defendants and does not take into account their subjective statements and beliefs. *See McCann*, 909 F.3d at 886 (holding that the objective reasonableness standard "requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable").

In summary, it is undisputed that the Defendants regularly tested Lohnes, the tests showed Lohnes' hepatitis C was inactive, and the Defendants relied on those tests to conclude that his hepatitis C did not require treatment. Lohnes has provided no evidence that he required treatment for his hepatitis C when the blood tests showed the disease was not active. Accordingly, no reasonable jury could conclude the Defendants were objectively unreasonable for failing to treat Lohnes' hepatitis C at any of the seven medical appointments. Summary judgment is thus warranted in favor of the Defendants on both of Lohnes' claims.[3]

For these reasons, the Court:

(1) GRANTS the Motion for Summary Judgment [ECF No. 131];

---

[3] Summary judgment is alternatively warranted on Lohnes' injunctive relief claim because it is undisputed that Lohnes was transferred into the Indiana Department of Corrections' system in June 2020 and he has provided no evidence he will be transferred back to Lake County Jail. *See* ECF No. 131-3 at 3; *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988) (holding that, if a prisoner is released or transferred to another prison after he files a complaint, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred).

(2) DENIES Lohnes' Motions to Dismiss the Summary Judgment Motion [ECF Nos. 145, 165]; and

(3) DIRECTS the Clerk of Court to enter judgment in favor of Defendant Nurse Practitioner (K) Cathy and Defendant Michelle and against Plaintiff James Andrew Lohnes.

SO ORDERED on July 19, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT